Case 4:18-cv-02850   Document 83   Filed on 05/16/24 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
May 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2850 |
| | § | |
| CYPRESS-FAIRBANKS INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Jane Roe, filed this action on August 17, 2018, against defendant, Cypress-Fairbanks Independent School District ("CFISD"), for violation of the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Education Act of 1972, 20 U.S.C. § 1681.[1] Pending before the court is Plaintiff's Motion for Leave to Amend Plaintiff's Original Complaint Regarding Damages ("Plaintiff's Motion to Amend") (Docket Entry No. 78), and Plaintiff's Request for Status Conference (Docket Entry No. 82). Also pending are Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Defendant's Response in Opposition") (Docket Entry No. 79), and Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Plaintiff's Reply") (Docket Entry No. 81). For the reasons stated below Plaintiff's Motion for Leave to Amend will be granted and her request for status conference will be denied as moot.

---

[1] Plaintiff's Original Complaint and Jury Demand ("Plaintiff's Original Complaint"), Docket Entry No. 1, pp. 16-21 ¶¶ 81-107. All page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

## I. **Background**

This case arises from a brutal sexual assault suffered by Plaintiff in a stairwell at Cypress Creek High School when she was fourteen years old at the hands of a fellow student with whom she had an abusive relationship. Plaintiff alleges that after reporting the assault, the severity of her injuries, and subsequent harassment to CFISD, CFISD failed to investigate, failed to provide her academic or other support, and ultimately recommended that she drop out of school, which she did. After achieving the age of majority, Plaintiff filed her Original Complaint against CFISD on August 17, 2018, alleging that CFISD violated the Equal Protection Clause of the Fourteenth Amendment by maintaining policies, practices, and customs that exhibited deliberate indifference to her constitutional rights,[2] and violated Title IX by (1) maintaining policies, practices, and customs that created a heightened risk she would be assaulted; (2) exhibiting deliberate indifference to the warning signs of her assault; and (3) responding with deliberate indifference to her abusive relationship, sexual assault, and subsequent related harassment.[3] See Roe v. Cypress-Fairbanks Independent School District, 53 F.4th 334, 342 (5th Cir. 2022), cert. denied, 144 S. Ct. 1002 (2024). The court granted CFISD's motion to dismiss Plaintiff's Equal

---

[2]Id. at 18-21 ¶¶ 93-107.

[3]Id. at 16-18 ¶¶ 81-92.

Protection claim (Docket Entry No. 14), and granted CFISD's motion for summary judgment on Plaintiff's Title IX claims (Docket Entry No. 55). Plaintiff did not appeal the dismissal of her Equal Protection claim, but did appeal the grant of summary judgment on her Title IX claims. The Fifth Circuit affirmed the court's grant of summary judgment on Plaintiff's pre-assault Title IX claim but reversed summary judgment on her post-assault Title IX claim, holding that

> [t]he totality of the circumstances, including the District's lack of investigation, awareness of the pre-assault abusive relationship, failure to prevent in-person and cyber-attacks from Doe and other students post-assault, and failure to provide any academic or other appropriate support to Roe, culminating in exactly what Title IX is designed to prevent — the tragedy of Roe dropping out of school. A reasonable jury could find that the District violated Title IX based on these facts.

Roe, 53 F.4th at 342.

While Plaintiff's appeal was pending before the Fifth Circuit, the Supreme Court issued an opinion holding that emotional distress damages are not available under federal statutes based on the Spending Clause. See Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562 (2022). In a Joint Status Report submitted on June 30, 2023, the parties stated that CFISD intended to file a Petition for Writ of Certiorari with the Supreme Court,[4] and that

> Plaintiff's counsel has indicated that at a minimum, they plan to withdraw their currently-designated expert, and will seek to designate a new expert or experts on damages

---

[4]Joint Status Report, Docket Entry No. 65, p. 1 ¶ 3.

>that they believe are available under <u>Cummings.</u> This will require new discovery as to the expert witness(es) and damage theories, a possible designation of a rebuttal witness or witnesses by the Defendant, and possible motions to strike experts or certain damage theories.[5]

Pursuant to the parties agreement to proceed on the issue of damages while the case was pending at the Supreme Court,[6] the parties submitted a proposed Order Regarding Scheduling (Docket Entry No. 65-1), which the court signed on July 7, 2023 (Docket Entry No. 66). A few days later Plaintiff filed Plaintiff's Unopposed Motion to Withdraw Expert Designation and Motion for Leave to Designate Alternative Experts on Damages (Docket Entry No. 67), which the court granted stating that "[i]t is therefore, ORDERED that the parties shall follow the damages discovery schedule set forth in the Court's July 7, 2023[,] Order" (Docket Entry No. 68).

On October 6, 2023, the parties submitted a Joint Motion to Amend Order Regarding Scheduling (Docket Entry No. 69), stating that CFISD "filed its Petition for Writ of Certiorari . . . on September 25, 2023,"[7] and that the parties "no longer believe it is an efficient use of time and resources to engage in damages

---

[5]<u>Id.</u> at 2 ¶ 6.

[6]<u>Id.</u> ¶ 7.

[7]Joint Motion to Amend Order Regarding Scheduling, Docket Entry No. 69, p. 1 ¶ 4.

discovery until there is resolution by the Supreme Court."[8] The parties asked the court to amend the scheduling order by vacating the existing deadlines and requiring the parties to submit a joint status report by December 29, 2023.[9] The court granted the parties' requests the same day.[10]

On March 15, 2024, the parties submitted a Joint Status Report (Docket Entry No. 74), stating that on February 20, 2024, the Supreme Court denied CFISD's Petition for Writ of Certiorari,[11] that they agreed the Supreme Court's opinion in Cummings, 142 S. Ct. at 1562, impacts the damages available to Plaintiff under Title IX but disagreed as to the extent of that impact,[12] and that they

> proposed the following schedule:
>
> | | |
> |---|---|
> | April 12, 2024: | Plaintiff shall seek permission for leave to amend her Complaint and/or supplement her damages disclosures. |
> | April 26, 2024: | Defendant will respond to any motion for leave to amend Complaint. |
> | May 1, 2024: | Plaintiff will file any reply in support of any motion for leave to amend Complaint, and shall request status conference with Court. |

---

[8] Id. at 2 ¶ 6.

[9] Id.

[10] See Order Regarding Scheduling, Docket Entry No. 70.

[11] Joint Status Report, Docket Entry No. 74, p. 1 ¶ 1.

[12] Id. ¶ 3.

    June 21, 2024:        Plaintiff will designate any new expert on damages and produce the required reports.

    August 9, 2024:       Defendant will designate any new expert on damages and produce the required reports.

    August 16, 2024:      Defendant will file any motions to strike or limit the testimony of any expert designated by Plaintiff.

    September 20, 2024:   Plaintiff will file any motions to strike or limit the testimony of any expert designated by Defendant.[13]

The parties also stated that "completion of the damages discovery and resolution of these issues before any mediation would significantly improve the likelihood that mediation would be successful."[14] On March 18, 2024, the court entered an Order Regarding Scheduling that set forth the deadlines the parties proposed in the Joint Status Report (Docket Entry No. 75).

On April 11, 2024, Plaintiff filed an Unopposed Motion for Extension of Deadlines Related to Damages Amendment/Disclosures (Docket Entry No. 76), stating that "[g]ood cause exists for a short one-week extension of [the existing] deadlines."[15] Plaintiff asked the court to extend the deadlines as follows:

---

[13]Id. at 2 ¶ 7.

[14]Id. ¶ 8.

[15]Plaintiff's Unopposed Motion for Extension of Deadlines Related to Damages Amendment/Disclosures, Docket Entry No. 76, p. 1 ¶ 2.

-6-

| | |
|---|---|
| April 19, 2024 | Plaintiff shall seek permission for leave to amend Complaint and/or supplement her damages disclosures. |
| May 3, 2024 | Defendant will respond to any motion for leave to amend Complaint. |
| May 8, 2024 | Plaintiff will file any reply in support of any motion for leave to amend Complaint, and shall request status conference with the Court.[16] |

On April 12, 2024, the court entered an Order Extending Deadlines Related to Damages Amendment/Disclosures (Docket Entry No. 77), extending the deadlines as Plaintiff requested.

## II. Standard of Review

Citing Federal Rule of Civil Procedure 15(a)(2), Plaintiff argues that

> the "court should freely give leave [to amend] when justice so requires." Recognizing the impact of Cummings on Plaintiff's theory of damages in this case, the parties submitted a Joint Advisory to the court. (Dkt. 65). The Court granted Plaintiff's Unopposed Motion to Withdraw Expert Designation and Motion for Leave to Designate Alternate Expert on Damages. (Dkt. 68). Plaintiff now moves for leave to file her First Amended Complaint consistent with the Court's Orders Regarding Scheduling. (Dkt. 75) (Dkt. 77).[17]

Citing S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003), Defendant argues that although Plaintiff "filed her motion for leave to amend under the

---

[16]Id. at 2 ¶ 3.

[17]Plaintiff's Motion for Leave to Amend, Docket Entry No. 78, p. 5.

more lenient standard in Federal Rule of Civil Procedure 15(a)(2), . . . the more restrictive 'good cause' standard in Rule 16(b)(4) should apply because the deadline for amending pleadings has long passed."[18] Defendant also argues that "[e]ven under the more lenient standard in Rule 15, granting leave to amend is not automatic."[19] Asserting that Plaintiff "concedes that she cannot recover the only relief she pursued — emotional distress damages,"[20] Defendant argues that Plaintiff's Motion to Amend should be denied because allowing her "to amend her complaint after nearly six years of litigation would be futile and would prejudice [CFISD] and unduly burden this Court."[21]

Plaintiff replies that the court should grant her motion to amend because Defendant does not and cannot demonstrate undue delay,[22] because Defendant agreed to the damages discovery it now claims will prejudice it,[23] and because the requested amendment is not futile.[24]

---

[18] Defendant's Response in Opposition, Docket Entry No. 79, p. 2.

[19] Id. at 3.

[20] Id. at 1.

[21] Id.

[22] Plaintiff's Reply, Docket Entry No. 81, pp. 2-3.

[23] Id. at 4-5.

[24] Id. at 5.

Rule 15(a)(2) allows a party to amend its pleading "with the opposing party's written consent or the court's leave." If, however, a scheduling order has been entered and the deadline for amending the pleadings has expired, the movant must establish good cause for modifying the scheduling order as required by Rule 16(b) before the court will apply Rule 15(a)'s more liberal standard to the motion to amend. S&W Enterprises, 315 F.3d at 536.

As detailed in the preceding section, since the Fifth Circuit remanded this case the parties have submitted three joint status reports in which they have acknowledged that the Supreme Court's Cummings opinion impacts the damages issues in this case, that they disagree as to the extent of that impact, and that new discovery as to expert witnesses and damage theories and, possibly, additional motion practice will be needed before their disagreements about damages can be resolved. Moreover, pursuant to the joint status reports, the parties proposed agreed amendments to the scheduling order, which the court granted. Because the parties have already agreed that the scheduling order should be amended for the purpose of designating new expert witnesses, pursuing new discovery and possibly engaging to renewed motion practice, the court concludes that the applicable standard for evaluating Plaintiff's Motion to Amend is that provided by Rule 15(a).

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "Although Rule 15

'evinces a bias in favor of granting leave to amend,' it is not automatic." Southmark Corp. v. Schulte Roth & Zabel (Matter of Southmark Corp.), 88 F.3d 311, 314 (5th Cir. 1996), cert denied, 117 S. Ct. 686 (1997) (quoting Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1981)). "A decision to grant leave is within the discretion of the trial court. Its discretion, however, is not broad enough to permit denial if the court lacks a substantial reason to do so." Id. (citing State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-1303 (5th Cir. 1995) (per curiam)). The Fifth Circuit has also held that in exercising its discretion, a court may consider various criteria including, inter alia, "undue prejudice to the opposing party, and futility of amendment." Id. at 315 (citing Foman v. Davis, 83 S. Ct. 227, 230 (1962)).

### III. **Analysis**

Citing Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000), Defendant argues that the court should deny Plaintiff's Motion to Amend based on futility to the extent that she intends to pursue damage theories that fail as a matter of law because they are speculative and attenuated.[25] In Stripling the Fifth Circuit stated that "[i]t is within the district court's

---

[25] Defendant's Response in Opposition, Docket Entry No. 79, pp. 6-7.

discretion to deny a motion to amend if it is futile." Id. The court explained that an amended complaint would be futile if it failed to state a claim for which relief could be granted. Id. at 873. Asserting that Plaintiff's amended complaint vaguely speculates that, had CFISD provided her with more educational support after the alleged assault, she would have had the opportunity to earn an athletic scholarship and a higher earning capacity, Defendant argues that a claim for damages based on a potential opportunity for an athletic scholarship is too attenuated to succeed. Asserting that even if Plaintiff did earn an athletic scholarship, her potential future earning capacity would still be uncertain, Defendant argues that the court should deny Plaintiff's motion for leave to amend to the extent that she seeks amendment to add claims for speculative damages.

Asserting that she is not seeking to add new claims or contradictory facts and does not intend to pursue damages theories that fail as a matter of law, Plaintiff argues that Defendant's challenge is one of proof not pleading, and does not support denial of leave to amend under Rule 15.[26] The court agrees.

Plaintiff seeks to amend her complaint in pertinent part to allege that

> [a]s a result of Defendant's actions and inaction related to . . . Roe's sexual assault, and as a result of her ongoing harassment by Perpetrator and his proxies, Roe

---

[26]Plaintiff's Reply, Docket Entry No. 81, p. 5.

>   was deprived of a multitude of educational opportunities and/or benefits provided by CFISD, including but not limited to:
>
>   - academic instruction and support
>   - career and technical education opportunities
>   - athletics
>   - extracurricular activities
>   - counseling and mental health services
>   - complaint procedures
>
>   The deprivation of educational opportunities and benefits Roe suffered caused her economic loss, including but not limited to costs associated with remedial education, loss of earnings and diminished earning capacity.[27]

In her Original Complaint Plaintiff requested damages.[28] Compensatory damages have long been available under Title IX for student-on-student harassment, <u>Davis as Next Friend of LaShonda D. v. Monroe County Board of Education,</u> 119 S. Ct. 1661, 1666 (1999), and whether Plaintiff's claims for compensatory damages are too speculative or too attenuated to justify relief are questions best left for summary judgment.  Indeed, the only Title IX case that Defendant cites in support of its argument that Plaintiff's Motion to Amend should be denied as futile is a case that was decided on summary judgment.  <u>See B.R. v. F.C.S.B.,</u> No. 1:19-cv-917 (RDA/WEF),

---

[27]Plaintiff's First Amended Complaint and Jury Demand, Docket Entry No. 78-2, pp. 16-17 ¶¶ 82-83.

[28]Plaintiff's Original Complaint, Docket Entry No. 1, p. 22.

___ F.Supp.3d ___, 2024 WL 1254826, * 8 (E.D. Va. February 26, 2024) (granting summary judgment on Title IX plaintiff's claims for lost earnings and lost earning capacity — which were based on an expert report asserting that plaintiff would have been a successful lawyer or surgeon but for alleged assaults — because the claimed damages were too speculative and attenuated).

Asserting that granting Plaintiff's motion would prejudice CFISD and burden the court, Defendant argues that

> [e]ver since this Court granted the District's motion to dismiss Roe's Equal Protection claim on November 29, 2018, [see Dkt. No. 14], the parties have exclusively litigated Roe's Title IX claim and related emotional distress damages, as evidenced by Roe's expert report on damages that solely analyzes Roe's mental health and calculates her related emotional distress damages. The District already conducted discovery and deposed Roe and her mother on her claimed damages, and Roe never offered evidence supporting any other theory of damages. Allowing Roe to file her proposed amended complaint will essentially require the parties to start over on damages, which will necessitate re-opening discovery, retaining and defending against new experts, and filing new motions (on experts and potential dispositive issues). The costs and time associated with having to litigate new damages theories will undoubtedly prejudice the District and burden the Court.[29]

Quoting Mayeaux v. Louisiana Health Service and Indemnity Co., 376 F.3d 420, 427 (5th Cir. 2004), Defendant argues that "when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts [of appeal] are less likely to find an abuse of discretion due to the prejudice

---

[29]Defendant's Response in Opposition, Docket Entry No. 79, p. 8.

involved."[30]  The problem with this argument is that Defendant has already agreed to engage in new discovery on damages, including the designation of new expert witnesses and the production of new expert witness reports.  Attached to the March 15, 2024, Joint Status Report was a Proposed Order Regarding Scheduling that opened with the following statement: "The parties have agreed t[o] pursue discovery regarding damages.  To that end, it is ORDERED that the following  deadlines are entered: . . ."[31]  The proposed deadlines included dates for each party to designate any new expert on damages and produce the required reports.  On March 18, 2024, the court signed the proposed order (Docket Entry No. 75).  Because Defendant has already agreed to reopen discovery on the issue of damages, and because the court has already acted on Defendant's agreement by entering the parties' agreed deadlines, Defendant's argument that the court should deny Plaintiff's Motion to Amend her complaint in an effort to clarify the damages she seeks is unpersuasive.  The court is therefore not persuaded that Plaintiff's Motion to Amend should be denied because granting it would prejudice the Defendant or burden the court.

---

[30]Id. at 7.

[31]Docket Entry No. 74-1.

## IV. Conclusions and Order

For the reasons stated in § III, above, Plaintiff's Motion to Amend, Docket Entry No. 78, is **GRANTED**.

The March 18, 2024, Order Regarding Scheduling, Docket Entry No. 75, is **VACATED**. The following deadlines will apply:

June 21, 2024:    Plaintiff will designate any new expert on damages and produce the required reports.

August 9, 2024:    Defendant will designate any new expert on damages and produce the required reports.

August 16, 2024:    Defendant may file a Motion for Summary Judgment on damages or Defendant will advise the court that it will not file such a motion.[32]

Because Plaintiff has not stated any reason for the court to conduct a status conference, and because this Memorandum Opinion and Order resolves the parties' outstanding issues Plaintiff's Request for Status Conference, Docket Entry No. 82, is **DENIED as MOOT**.

**SIGNED** at Houston, Texas, on this the 16th day of May, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[32] The court has omitted deadlines for the parties to file motions to strike or limit the testimony of any expert designated by the opposing party in anticipation that any such arguments will be made either in Defendant's motion for summary judgment and Plaintiff's response thereto or at trial.