United States District Court
Southern District of Texas

**ENTERED**

August 09, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2850 |
| | § | |
| CYPRESS-FAIRBANKS INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Jane Roe, filed this action in 2018 against defendant, Cypress-Fairbanks Independent School District ("CFISD") for violation of Title IX of the Education Act of 1972 ("Title IX"), 20 U.S.C. § 1681, and for violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983, seeking damages for an assault that she suffered as a high school student.[1] Pending before the court is Defendant's Motion for Partial Dismissal (Docket Entry No. 85) of any claim that Plaintiff is attempting to pursue under 42 U.S.C. § 1983, and any pre-assault claim that she is attempting to pursue under Title IX. Because Plaintiff's § 1983 claims have already been dismissed and Plaintiff states that she does not intend to pursue them on remand, and because there is no pre-assault Title IX claim to dismiss,[2] Defendant's Motion for Partial Dismissal will be denied as moot.

---

[1]Plaintiff's Original Complaint and Jury Demand ("Plaintiff's Complaint"), Docket Entry No. 1.

[2]Plaintiff's Response in Opposition to Defendant's Motion for Partial Dismissal ("Plaintiff's Response"), Docket Entry No. 89, pp. 2-4.

## I. **Background**

This case arises from Plaintiff's brutal sexual assault by a fellow student with whom she had an abusive relationship in a stairwell at Cypress Creek High School when she was fourteen years old. Plaintiff alleges that after reporting the assault, the severity of her injuries, and subsequent harassment to CFISD, CFISD failed to investigate or to provide her support, and ultimately recommended that she drop out of school, which she did. After achieving the age of majority, Plaintiff filed her Original Complaint alleging that CFISD violated Title IX by (1) maintaining policies, practices, and customs that created a heightened risk she would be assaulted; (2) exhibiting deliberate indifference to warning signs that she would be assaulted; and (3) responding to her sexual assault with deliberate indifference.[3] Plaintiff also alleged that CFISD violated the Equal Protection Clause of the Fourteenth Amendment by maintaining policies, practices, and customs that exhibit deliberate indifference to her constitutional rights.[4] The court granted CFISD's motion to dismiss the Equal Protection claim that Plaintiff asserted under 42 U.S.C. § 1983,[5] and later granted CFISD's motion for summary judgment on

---

[3]Plaintiff's Complaint, Docket Entry No. 1, pp. 16-18 ¶¶ 81-92.

[4]Id. at 18-21 ¶¶ 93-107.

[5]Memorandum Opinion and Order, Docket Entry No. 14.

Plaintiff's Title IX claims.[6]   Plaintiff did not appeal the dismissal of her § 1983 Equal Protection claim, but did appeal the grant of summary judgment on her Title IX claims.   The Fifth Circuit affirmed the court's grant of summary judgment on Plaintiff's pre-assault Title IX claims but reversed summary judgment on her post-assault Title IX claim, holding that

> [t]he totality of the circumstances, including the District's lack of investigation, awareness of the pre-assault abusive relationship, failure to prevent in-person and cyber-attacks from Doe and other students post-assault and failure to provide any academic or other appropriate support to Roe, culminated in exactly what Title IX is designed to prevent — the tragedy of Roe dropping out of school.   A reasonable jury could find that the District violated Title IX based on these facts.

Roe v. Cypress-Fairbanks Independent School District, 53 F.4th 334, 342 (5th Cir. 2022), cert. denied, 144 S. Ct. 1002 (2024).

While Plaintiff's appeal was pending in the Fifth Circuit, the Supreme Court issued an opinion holding that emotional distress damages are not available under federal statutes based on the Spending Clause.   See Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562, 1576 (2022).   In a Joint Status Report submitted on June 30, 2023, the parties stated that CFISD intended to file a Petition for Writ of Certiorari with the Supreme Court,[7] and that Plaintiff's counsel would seek to designate a new expert or experts on damages that they believe are available under Cummings.[8]

---

[6]Amended Memorandum Opinion and Order, Docket Entry No. 55.

[7]Joint Status Report, Docket Entry No. 65, p. 1 ¶ 3.

[8]Id. at 2 ¶ 6.

Pursuant to the parties' agreement to proceed on the issue of damages while the case was pending at the Supreme Court,[9] Plaintiff submitted an Unopposed Motion to Withdraw Expert Designation and Motion for Leave to Designate Alternative Experts on Damages (Docket Entry No. 67), which the court granted.[10]

On October 6, 2023, the parties submitted a Joint Motion to Amend Order Regarding Scheduling (Docket Entry No. 69), stating that CFISD "filed its Petition for Writ of Certiorari . . . on September 25, 2023,"[11] that "they no longer believe[d] it [wa]s an efficient use of time and resources to engage in damages discovery until there [wa]s resolution by the Supreme Court,"[12] and asking the court to amend the scheduling order by vacating the existing deadlines and requiring the parties to submit a joint status report by December 29, 2023.[13] The court granted the parties' requests the same day.[14]

_____

[9]Id. ¶ 7.

[10]Order Granting Plaintiff's Unopposed Motion to Withdraw Expert Designation and Motion for Leave to Designate Alternative Experts on Damages, Docket Entry No. 68.

[11]Joint Motion to Amend Order Regarding Scheduling, Docket Entry No. 69, p. 1 ¶ 4.

[12]Id. at 2 ¶ 6.

[13]Id.

[14]See Order Regarding Scheduling, Docket Entry No. 70.

On March 15, 2024, the parties submitted a Joint Status Report (Docket Entry No. 74), stating that on February 20, 2024, the Supreme Court denied CFISD's Petition for Writ of Certiorari,[15] they agreed that the Supreme Court's opinion in Cummings, 142 S. Ct. at 1562, impacted the damages available to Plaintiff under Title IX but disagreed about the extent of that impact.[16]  The parties also stated that "completion of the damages discovery and resolution of these issues before any mediation would significantly improve the likelihood that mediation would be successful."[17]   On March 18, 2024, the court entered an Order Regarding Scheduling (Docket Entry No. 75) that included a deadline for Plaintiff to seek leave to amend her complaint and/or supplement her damages disclosures.  On April 12, 2024, the court entered an Order Extending Deadlines Related to Damages Amendment/Disclosures (Docket Entry No. 77), extending the deadline for Plaintiff to seek leave to amend her complaint and/or supplement her damages disclosures.  On April 19, 2024, Plaintiff filed a Motion for Leave to Amend Plaintiff's Original Complaint Regarding Damages (Docket Entry No. 78), which the court granted in the Memorandum Opinion and Order entered on May 16, 2024 (Docket Entry No. 83).  On May 21, 2024, Plaintiff filed Plaintiff's First Amended Complaint and Jury Demand (Docket Entry No. 84).

---

[15]Joint Status Report, Docket Entry No. 74, p. 1 ¶ 1.

[16]Id. ¶ 3.

[17]Id. at 2 ¶ 8.

## II. <u>Analysis</u>

Defendant "moves to partially dismiss Plaintiff's Amended Complaint based on the law of the case doctrine and Plaintiff's failure to state a claim under 42 U.S.C. § 1983."[18] Asserting that she "amended her Complaint <u>only</u> to remove her request for emotional distress damages and to clarify and further define the damages she seeks under Title IX,"[19] and that "[s]he specifically and intentionally did not alter any other section of her original complaint,"[20] Plaintiff responds that she "does not intend to pursue her [§] 1983 claims on remand,"[21] and that "[t]here is no 'pre-assault Title IX claim' to dismiss."[22] Defendant replies that "[i]f [Plaintiff] concedes that, on remand, she can only pursue a Title IX claim based on a theory of post-assault deliberate indifference, then the parties are in agreement."[23] The court reads Plaintiff's Response in Opposition as a concession that she can only pursue a Title IX claim based on a theory of post-assault deliberate indifference.

---

[18]Defendant's Motion for Partial Dismissal, Docket Entry No. 85, p. 1.

[19]Plaintiff's Response, Docket Entry No. 89, p. 1.

[20]<u>Id.</u> at 2.

[21]<u>Id.</u>

[22]<u>Id.</u> at 4.

[23]Defendant's Reply in Support of Motion for Partial Dismissal, Docket Entry No. 90, p. 1.

-6-

**A.   Plaintiff's § 1983 Claim Has Already Been Dismissed**

Asserting that "[t]he Court previously granted [CFISD]'s motion to dismiss Plaintiff's [§] 1983 claim with prejudice [Dkt. No. 14],"[24] and that "Plaintiff did not appeal the dismissal of her [§] 1983 claim,"[25] Defendant moves the court to dismiss the § 1983 claim asserted in Plaintiff's First Amended Complaint.[26] Acknowledging that she did not appeal the court's dismissal of her § 1983 claim, Plaintiff states that she "does not intend to pursue her [§] 1983 claim[] on remand."[27]   Therefore, Defendant's motion to dismiss Plaintiff's § 1983 claim is moot.

**B.   There Is No Pre-Assault Title IX Claim to Dismiss**

Asserting that the court "granted [its] motion for summary judgment on Plaintiff's Title IX claims [Dkt. No. 55],"[28] and that "[t]he Fifth Circuit affirmed summary judgment on Plaintiff's pre-assault Title IX claim, but reversed summary judgment on her post-

---

[24]Defendant's Motion for Partial Dismissal, Docket Entry No. 85, p. 1.

[25]Id.

[26]Id. at 2.

[27]Plaintiff's Response, Docket Entry No. 89, p. 2.

[28]Defendant's Motion for Partial Dismissal, Docket Entry No. 85, p. 1.

-7-

assault Title IX claim,"[29] Defendant moves the court to dismiss any
pre-assault Title IX claim that Plaintiff intends to pursue on
remand.[30]  Defendant explains that "[a]lthough Plaintiff requested
leave to amend in order to address potential damages issues, her
Amended Complaint still includes her previously dismissed . . .
pre-assault Title IX claims (although it does not include any
additional factual allegations to support these claims)."[31]   In
response, Plaintiff acknowledges that "the law of the case doctrine
precludes reexamination of [her] theory of CFISD's liability for
**pre-assault deliberate indifference,**"[32] and that "[t]here is no
'pre-assault Title IX claim' to dismiss."[33]  Therefore, Defendant's
motion to dismiss any claim for pre-assault deliberate indifference
that Plaintiff intends to pursue on remand is moot.  The only live
claim in this action is Plaintiff's claim that the Fifth Circuit
remanded, i.e., "whether [CFISD] was deliberately indifferent in
response to the totality of the harassment at issue here." Roe, 53
F.4th at 348.

---

[29]Id.

[30]Id. at 2.

[31]Id.

[32]Plaintiff's Response, Docket Entry No. 89, p. 4.

[33]Id.

### III.  <u>Conclusions and Order</u>

Defendant seeks dismissal of any claim that Plaintiff is attempting to pursue under 42 U.S.C. § 1983, and any pre-assault claim that she is attempting to pursue under Title IX.  Because as explained in § II.A, above, Plaintiff's § 1983 claim has already been dismissed and Plaintiff states that she does not intend to pursue that claim on remand, and because as explained in § II.B, above, there is no pre-assault Title IX claim to dismiss, Defendant's Motion for Partial Dismissal, Docket Entry No. 85, is **DENIED as MOOT**.  The only live claim in this action is Plaintiff's Title IX claim for post-assault deliberate indifference.

**SIGNED** at Houston, Texas, on this the 9th day of August, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE